↗ FILED

UNITED STATES DISTRICT COURT28  PM 3: 58
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.  2:19-cr-132-FtM-60 NPM
                                                18 U.S.C. § 371
                                                18 U.S.C. § 924(a)(1)(A)
JESUS ROBIN SUAREZ                              18 U.S.C. § 2
ANDREA JOSELIN SUAREZ and
KEVIN ROBIN SUAREZ

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy)

#### A. Introduction

At times material to this Indictment:

1.  Jesus Robin Suarez ("Jesus Suarez") was a United States Legal Permanent Resident.  Jesus Suarez was the father of Andrea Suarez and Kevin Suarez.

2.  Andrea Joselin Suarez ("Andrea Suarez") was a United States Legal Permanent Resident.  Andrea Suarez was the daughter of Jesus Suarez and the sister of Kevin Suarez.

3.  Kevin Robin Suarez ("Kevin Suarez") was a United States Legal Permanent Resident until on or about January 5, 2017, at which time he became

1

a naturalized United States Citizen.  Kevin Suarez was the son of Jesus Suarez and the brother of Andrea Suarez.

4.  The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) was an agency of the United States Department of Justice responsible for the administration and enforcement of federal firearms laws and regulations pertaining to the acquisition and disposition of firearms.

5.  As part of its lawful functions, ATF issued licenses to firearms dealers, issued regulations governing the sale and distribution of firearms, and maintained and operated the National Tracing Center (NTC) to process requests from Federal, State, local, and foreign law enforcement agencies for the tracing of crime guns.

6.  The Gold Miner, Inc. ("The Gold Miner"), located at 4351 Hancock Bridge Parkway, North Fort Myers, Florida, in the Middle District of Florida, was a federal firearms dealer licensed by ATF under the provisions of Chapter 44 of Title 18, United States Code.  As such, The Gold Miner was a "person" licensed under Chapter 44 of Title 18, United States Code, as defined by 18 U.S.C. § 921(a)(1).

7.  First Pawn Jewelry and Loan, Inc. ("First Pawn"), located at 889 Airport Road South, Naples, Florida, in the Middle District of Florida, was a federal firearms dealer licensed by ATF under the provisions of Chapter 44 of

Title 18, United States Code.  As such, First Pawn was a "person" licensed under Chapter 44 of Title 18, United States Code, as defined by 18 U.S.C. § 921(a)(1).

8.  Shoot Straight Fort Myers, Inc. ("Shoot Straight"), located at 2418 Colonial Boulevard, Fort Myers, Florida, was a federal firearms dealer licensed by ATF under the provisions of Chapter 44, Title 18, United States Code.  As such, Shoot Straight was a "person" licensed under Chapter 44 of Title 18, United States Code, as defined by 18 U.S.C. § 921(a)(1).

9.  Capital Pawn II of Florida, LLC ("Capital Pawn"), located at 4786 Palm Beach Boulevard, Fort Myers, Florida, was a federal firearms dealer licensed by ATF under the provisions of Chapter 44 of Title 18, United States Code.  As such, Capital Pawn was a "person" licensed under Chapter 44 of Title 18, United States Code, as defined by 18 U.S.C. § 921(a)(1).

10.  Licensed federal firearms dealers, also known as federal firearms licensees, were required by law to obtain information about the identity of individuals who sought to purchase a firearm.  Licensed dealers were required to have each individual seeking to purchase a firearm complete a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record ("ATF Form 4473").

11.  ATF Form 4473 required the purchaser of a firearm to provide his

or her full name, current residence address, birth date, and other identifying information.  The purchaser was also required to present a valid government-issued photo identification to the dealer.

12.  ATF Form 4473 also required the purchaser to answer a series of questions to determine whether the purchase was permitted under federal law. One of the questions stated, "Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person.  If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you.**"

13.  Once a purchaser completed ATF Form 4473, the dealer was required to submit the purchaser's information to a representative of the National Instant Criminal Background Check System (NICS) or a designated state point of contact, who informed the dealer whether the purchaser was permitted to receive the firearm.

14.  Licensed dealers were required by law to retain all completed ATF Forms 4473 in their permanent records.  Dealers were also required to record each sale of a firearm in a bound log, noting, among other information, the firearm's manufacturer, model, and serial number; the transaction date; and the name and address of the purchaser.  Dealers were required to retain these logs in their permanent records.

## B. The Conspiracy

15. Beginning on an unknown date, but from at least as early as on or about May 31, 2016, and continuing through at least in or about November 2017, in the Middle District of Florida and elsewhere, the defendants,

**JESUS ROBIN SUAREZ,**
**ANDREA JOSELIN SUAREZ, and**
**KEVIN ROBIN SUAREZ,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others, both known and unknown to the Grand Jury, to cause false statements and representations to be made to persons licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required to be kept in the records of such persons, in violation of 18 U.S.C. § 924(a)(1)(A).

## C. Manner and Means

16.. The manner and means by which the defendants and others sought to accomplish the conspiracy included, among other things, the following:

a. It was a part of the conspiracy that certain conspirators would and did offer to pay and did pay cash payments to induce individuals (the "Straw Purchasers") to purchase firearms on their behalf from licensed federal firearms dealers.

b. It was further part of the conspiracy that certain conspirators would and did cause the Straw Purchasers to purchase firearms from licensed federal firearms dealers through cash inducements.

c. It was further part of the conspiracy that certain conspirators would and did cause the Straw Purchasers to falsely claim to be the actual buyer of the firearms in connection with the acquisition of the firearms.

d. It was further part of the conspiracy that the conspirators would and did cause to be created records retained by licensed federal firearms dealers that contained false information disguising the identity of the true buyer of the firearms.

e. It was further part of the conspiracy that the conspirators would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the conspiracy and the purpose of those acts.

### D. Overt Acts

17.     In furtherance of the conspiracy, and to accomplish its unlawful objectives, the following overt acts, among others, were committed in the Middle District of Florida:

a. On or about May 31, 2016, Andrea Suarez recruited Straw Purchaser #1 to purchase five firearms from a federally licensed firearms dealer

on behalf of a conspirator in exchange for cash.

b.  On or about May 31, 2016, Andrea Suarez instructed Straw Purchaser #1 to falsely state to a federally licensed firearms dealer that Straw Purchaser #1 was the actual buyer of the firearms.

c.  On or about May 31, 2016, a conspirator provided Straw Purchaser #1 with cash to purchase the five firearms.

d.  On or about May 31, 2016, Straw Purchaser #1 purchased five firearms from The Gold Miner with the cash provided to Straw Purchaser #1 by a conspirator.  In connection with the acquisition of the firearms, Straw Purchaser #1 falsely certified on an ATF Form 4473 that Straw Purchaser #1 was the actual transferee/buyer of said firearms.

e.  On or about May 31, 2016, Straw Purchaser #1 provided the five firearms to a conspirator, and was paid approximately $1000 in cash in exchange for the effort.

f.  On or about July 20, 2016, Kevin Suarez recruited Straw Purchaser #2 to purchase four firearms from a federally licensed firearms dealer on behalf of a conspirator in exchange for cash.

g.  On or about July 20, 2016, a conspirator provided Straw Purchaser #2 with cash to purchase the four firearms.

h.  On or about July 20, 2016, Straw Purchaser #2 purchased four

firearms from First Pawn.  In connection with the acquisition of the firearms, Straw Purchaser #2 falsely certified on an ATF Form 4473 that Straw Purchaser #2 was the actual transferee/buyer of said firearms.

i. On or about July 30, 2016, Straw Purchaser #2 provided the four firearms to a conspirator, and was paid approximately $400 in cash in exchange for the effort.

j. On or about July 23, 2016, Andrea Suarez solicited Straw Purchaser #1 to purchase three additional firearms from a federally licensed firearms dealer on behalf of a conspirator in exchange for cash.

k. On or about July 23, 2016, Straw Purchaser #1 purchased three firearms from First Pawn with cash provided by a conspirator.  In connection with the acquisition of the firearms, Straw Purchaser #1 falsely certified on an ATF Form 4473 that Straw Purchaser #1 was the actual transferee/buyer of said firearms.

l. On or about July 23, 2016, Straw Purchaser #1 provided the three firearms to a conspirator, and was paid approximately $300 in cash in exchange for the effort.

m. On or about October 25, 2016, Andrea Suarez recruited Straw Purchaser #3 to purchase firearms from a federally licensed firearms dealer on behalf of a conspirator in exchange for cash.

n.  On or about October 25, 2016, Kevin Suarez and Andrea Suarez picked Straw Purchaser #3 up from her residence, and drove Straw Purchaser #3 to Shoot Straight to purchase two firearms.

o.  On or about October 25, 2016, a conspirator provided Straw Purchaser #3 with cash to purchase the two firearms.

p.  On or about October 25, 2016, Straw Purchaser #3 purchased two firearms from Shoot Straight with cash provided to her by a conspirator.  In connection with the acquisition of the firearms, Straw Purchaser #3 falsely certified on an ATF Form 4473 that Straw Purchaser #3 was the actual transferee/buyer of said firearms.

q.  On or about October 25, 2016, Kevin Suarez and Andrea Suarez drove Straw Purchaser #3 to Capital Pawn to purchase another firearm.

r. On or about October 25, 2016, a conspirator provided Straw Purchaser #3 with cash to purchase another firearm.

s.  On or about October 25, 2016, Straw Purchaser #3 purchased one firearm from Capital Pawn with cash provided to her by a conspirator.  In connection with the acquisition of the firearm, Straw Purchaser #3 falsely certified on an ATF Form 4473 that Straw Purchaser #3 was the actual transferee/buyer of said firearm.

t. On or about October 25, 2016, Straw Purchaser #3 provided the

three firearms to a conspirator, and was paid approximately $600 in cash in exchange for the effort.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
(Aiding and Abetting False Statement)

On or about May 31, 2016, in the Middle District of Florida, the defendants,

**JESUS ROBIN SUAREZ** and
**ANDREA JOSELIN SUAREZ,**

knowingly aided and abetted Straw Purchaser #1 in the making of a false statement and representation to The Gold Miner, a person licensed under the provisions Chapter 44 of Title 18, United States Code, with respect to information required to be kept in the records of The Gold Miner, in that Straw Purchaser #1 did falsely state on an ATF Form 4473 that she was the "actual buyer/transferee" of five firearms, whereas, in truth and in fact, she was not the actual buyer/transferee of those firearms.

In violation of 18 U.S.C. §§ 924(a)(1)(A) and 2.

## COUNT THREE
(Aiding and Abetting False Statement)

On or about July 20, 2016, in the Middle District of Florida, the defendants,

**JESUS ROBIN SUAREZ and
KEVIN ROBIN SUAREZ,**

knowingly aided and abetted Straw Purchaser #2 in the making of a false statement and representation to First Pawn, a person licensed under the provisions Chapter 44 of Title 18, United States Code, with respect to information required to be kept in the records of First Pawn, in that Straw Purchaser #2 did falsely state on an ATF Form 4473 that he was the "actual buyer/transferee" of four firearms, whereas, in truth and in fact, he was not the actual buyer/transferee of those firearms.

In violation of 18 U.S.C. §§ 924(a)(1)(A) and 2.

## COUNT FOUR
(Aiding and Abetting False Statement)

On or about July 23, 2016, in the Middle District of Florida, the defendants,

**JESUS ROBIN SUAREZ and
ANDREA JOSELIN SUAREZ,**

knowingly aided and abetted Straw Purchaser #1 in the making of a false statement and representation to First Pawn, a person licensed under the

provisions Chapter 44 of Title 18, United States Code, with respect to information required to be kept in the records of First Pawn, in that Straw Purchaser #1 did falsely state on an ATF Form 4473 that she was the "actual buyer/transferee" of four firearms, whereas, in truth and in fact, she was not the actual buyer/transferee of those firearms.

In violation of 18 U.S.C. §§ 924(a)(1)(A) and 2.

## COUNT FIVE
### (Aiding and Abetting False Statement)

On or about October 25, 2016, in the Middle District of Florida, the defendants,

**JESUS ROBIN SUAREZ,**
**ANDREA JOSELIN SUAREZ, and**
**KEVIN ROBIN SUAREZ,**

knowingly aided and abetted Straw Purchaser #3 in the making of a false statement and representation to Shoot Straight, a person licensed under the provisions Chapter 44 of Title 18, United States Code, with respect to information required to be kept in the records of Shoot Straight, in that Straw Purchaser #3 did falsely state on an ATF Form 4473 that she was the "actual buyer/transferee" of two firearms, whereas, in truth and in fact, she was not the actual buyer/transferee of those firearms.

In violation of 18 U.S.C. §§ 924(a)(1)(A) and 2.

## COUNT SIX
(Aiding and Abetting False Statement)

On or about October 25, 2016, in the Middle District of Florida, the defendants,

**JESUS ROBIN SUAREZ,**
**ANDREA JOSELIN SUAREZ,** and
**KEVIN ROBIN SUAREZ,**

knowingly aided and abetted Straw Purchaser #3 in the making of a false statement and representation to Capital Pawn, a person licensed under the provisions Chapter 44 of Title 18, United States Code, with respect to information required to be kept in the records of Capital Pawn, in that Straw Purchaser #3 did falsely state on an ATF Form 4473 that she was the "actual buyer/transferee" of a firearm, whereas, in truth and in fact, she was not the actual buyer/transferee of that firearm.

In violation of 18 U.S.C. §§ 924(a)(1)(A) and 2.

## FORFEITURE

1.     The allegations contained in Counts One through Six are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2.     Upon conviction of a violation of 18 U.S.C. § 924(a)(1)(A), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1)

and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3.    The property to be forfeited includes, but is not limited to, the following:

a.    a Century Arms firearm, Model N-PAP, S/N N-PAP049670;

b.    a Century Arms firearm, Model N-PAP, S/N N-PAP648116;

c.    a Century Arms firearm, Model C39V2, S/N C39V2A15976;

d.    a Century Arms firearm, Model M70, S/N NCE1-001474;

e.    an I.O. Inc. firearm, Model Sporter, S/N S018073;

f.    an I.O. Inc. firearm, Model Sporter, S/N S018080;

g.    an I.O. Inc. firearm, Model Sporter, S/N S017951;

h.    an F.A. Cugir firearm, Model M10-762, S/N MA012660-12;

i.    an I.O. Inc. firearm, Model Sporter, S/N S011185;

j.    an F.A. Cugir firearm, Model M10-762, S/N MA-21695-13RO;

k.    a Del-Ton Inc., Model DTI-15 firearm, S/N DTRI-5080882;

l.      a Century Arms firearm, Model RAS47,
S/N RAS47040228;

m.     an I.O. Inc. firearm, Model AKM247C,
S/N S024454; and

n.     an I.O. Inc. firearm, Model Sporter,
S/N S017063.

4.     If any of the property described above, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By:  _____
Simon R. Eth
Assistant United States Attorney

By:  _____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

FORM OBD-34
August 19

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Fort Myers Division

THE UNITED STATES OF AMERICA

vs.

JESUS ROBIN SUAREZ,
ANDREA JOSELIN SUAREZ and
KEVIN ROBIN SUAREZ

INDICTMENT

Violations: 18 U.S.C. §§ 371, 924(a)(1)(A) and 2.

A true bill,

_____
Foreperson

Filed in open court this 28th day

of August 2019.

_____
Clerk

Bail $_____

GPO 863 525